UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

JEFFREY S. TSCHETTER, 13405-055,

                Petitioner,

      -vs-

UNITED STATES OF AMERICA,

                Respondent.

05-CV-0764E
04-CR-35E

MEMORANDUM
and
ORDER[1]

---

## INTRODUCTION

On October 24, 2005, petitioner Jeffery S. Tschetter, proceeding *pro se*, filed the instant motion pursuant to 28 U.S.C.§2255, seeking to set aside, vacate or correct his sentence[2]. On December 19, 2005 the respondent filed a response and memorandum in opposition. On January 17, 2006, petitioner filed a traverse (reply) to the response and the matter was submitted to the Court for decision on February 3, 2006.

## BACKGROUND

On March 4, 2004, petitioner was charged, in a three-count indictment, with violations of 18 U.S.C.§922(g)(1), 21 U.S.C. §§841(a)(1) and 844(a) — to wit, unlawful

---

[1] This decision may be cited in whole or in any part.

[2] While §2255 is often referred to as a habeas corpus provision, such characterization is technically incorrect because, rather than authorizing the granting of a writ, the statute provides for a federal court to consider a motion that is, in effect, a continuation of the underlying criminal proceeding. See Rule 1 of the Rules Governing Section 2255 Proceedings for the United States District Courts (1976 Advisory Committee Notes: 1976 Adoption). Interchangeably, although prisoners file 'motions' rather than petitions to initiate §2255 proceedings, their papers are generally referred to as petitions and the prisoners are referred to as petitioners. In the interests of conformity and convenience, this Court will refer to Mr. Tschetter as "petitioner" and to the United States as "respondent."

and knowing possession, in and affecting commerce, of a firearm by a felon; possession with intent to distribute a Schedule I controlled substance (marihuana); and possession of a substance and mixture containing a Schedule III controlled substance (hydrocodone). On August 13, 2004, petitioner appeared before this Court, executed a written plea agreement and entered a plea of guilty to the firearm possession charge (count one of the indictment). On January 14, 2005, this Court sentenced petitioner to a 52 month term of imprisonment, three years supervised release, no fine and a special assessment of $100. The remaining counts in the indictment were dismissed. Petitioner took no appeal from either the conviction or sentence.

The gravamen of this motion asserts ineffective assistance of counsel for failure to file a Notice of Appeal or Rule 35[3] correction of sentence motion. Petitioner claims that he instructed his attorney to file a Notice of Appeal because he believed that his criminal history was misrepresented and/or misinterpreted, and that the attorney failed to do so. He further claims that the attorney should have filed a Rule 35 motion in light of the United States Supreme Court's decision in *United States* v. *Booker* (543 U.S. 220 (2005), decided just two days prior to his sentence, wherein the United States Sentencing Guidelines were essentially declared advisory rather than mandatory.

---

[3]Of the Federal Rules of Criminal Procedure ("F.R.Cr.P.").

## DISCUSSION

28 U.S.C. §2255 allows a convicted person held in federal custody to petition the sentencing court to vacate, set aside or correct a sentence. A properly filed motion under §2255 must allege that: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the sentencing court was without jurisdiction to impose such sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. In sum, collateral relief under §2255 is intended "only for a constitutional error, a lack of jurisdiction in the sentencing court, or an error of law or fact that constitutes 'a fundamental defect which inherently results in a complete miscarriage of justice .'" *United States* v. *Bokun*, 73 F.3d 8, 12 (2d Cir.1995) (*quoting Hill* v. *United States*, 368 U.S. 424, 428 (1962)). Petitioner's motion alleging ineffective assistance of counsel, implicates constitutional concerns pursuant to (1), above.

The issue herein began with petitioner's belief at the time of the plea and at sentencing, that a twenty year old burglary conviction was improperly used to increase his criminal history category. Petitioner claims that he complained to his counsel about the misrepresentation of his criminal history "during the plea colloquy and the agreement that materialized thereafter" and that he "specifically" and "adamantly" told defense counsel to file an appeal of his sentence both before and after the pronouncement of sentence on January 14, 2005. He further claims that seven months later, when he inquired of his counsel of the status of his appeal, counsel claimed that the issue of appeal was never discussed. Petitioner also

claimed that his common law wife had conversations with defense counsel regarding the appeal. Petitioner waived his attorney-client privilege and invited respondent to provide an affidavit from his defense counsel on this issue. No such affidavit was forthcoming. Petitioner replied that, "when the government's answer and affidavits are not conclusive against the movant, and if they raise disputed issues of fact [in a §2255 motion], a hearing must be held". (citing *Machibroda* v. *United States*, 368 U.S. 487 (1962)).

The respondent does not address this claim and instead argues that it is irrelevant because the old burglary conviction to which petitioner refers[4] was not used to enhance his criminal history category and thus, there was no sentencing issue to appeal. Further, respondent points out that, pursuant to the terms of the plea agreement, petitioner waived his right to appeal, modify or collaterally attack any sentence imposed by the Court which falls within, or is less than, the Sentencing Guidelines recommended range. It is undisputed that the Court's sentence was within this range.

This case is on all fours with, and falls squarely within the parameters of, *Campusano* v. *United States* (442 F.3d 770 (2d Cir. 2006)), wherein the United States Court of Appeals for the Second Circuit stated:

---

[4] Which respondent describes as a 15 year old attempted burglary conviction. As petitioner describes it as a 20 year old burglary convicion, the Court is unsure as to whether the parties are referring to the same offense. However, as is discussed *infra,* this is inconsequential to the resolution of this motion.

> "The question presented in this case is whether an attorney who fails to file a notice of appeal requested by his client is constitutionally ineffective when the client waived appeal in his plea agreement.  We hold that even after a waiver, a lawyer who believes the requested appeal would be frivolous is bound to file the notice of appeal and submit a brief pursuant to *Anders* v. *California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967). When counsel fails to do so, we will presume prejudice, as required by *Roe* v. *Flores-Ortega,* 528 U.S. 470, 120 S.Ct. 1029, 145 L.Ed.2d 985 (2000), and the defendant will be entitled to a direct appeal without any showing on collateral review that his appeal will likely have merit."

442 F.3d 771 - 72 (2d Cir. 2006).  While *Campusano* was decided subsequent to the sentencing (and even the filing of the petition) herein, the caselaw which forms the underpinnings of its holding existed well prior.  The authority of *Campusano,* therefore, is controlling and directs that the petition herein be granted if it is found that petitioner instructed his attorney to file the notice of appeal.

The Court, however, finds that there are factual questions with respect to whether petitioner made such an instruction herein.  Petitioner submits, in sworn affidavit form, his statement and that of his common-law wife, that on the date he was sentenced he verbally instructed his attorney, Mr. Anthony Lana, to "appeal whatever sentence was given" but that Lana gave no response to the request.  Petitioner acknowledges that when he contacted Lana in August 2005 to inquire of

the status of the appeal, Lana claimed that the issue of appeal was never discussed prior to this latter date. Petitioner's common-law wife, Kelly Harrington, affirmed, however, that she contacted Lana in June, 2005 to inquire about the status of the appeal and was told by Lana that he did not have petitioner's file in his office and that there was nothing else that he could do because petitioner had already been sentenced. Further, when she inquired about the effect of *United States* v. *Booker* (543 U.S.220 (2005)) on the sentence imposed, he told her that her husband "should have thought about that ruling before taking the plea".

In situations such as this, *Campusano* requires the District Court to hold a hearing and make a determination only as to the issue of whether the client requested the appeal, "without assessing the merits of the [purportedly] requested appeal". 442 F.3d at 776. This hearing is to be a relatively simple fact-finding proceeding on this limited question and the circumstances and timing of the request, if made.

Accordingly, this Court will hold a hearing to determine whether Mr. Tschetter, in fact, instructed his attorney to file a notice of appeal. If the Court determines that he "did give such an instruction, he is to be allowed a direct appeal." *Id.* at 777. The parties will be required to submit offers of proof by way of affidavit or sworn affirmation from any purported witness prior thereto and the Court will thereafter advise whether testimony will be taken on the hearing date. *See, Id.* at 776; *Chang* v. *United States*, 250 F.3d 79, 85-86 (2d Cir.2001)(the district court has discretion to

determine if testimony shall be taken at the hearing and the 'hearing' called for does not require that petitioner be allowed to appear for a full evidentiary hearing).

Petitioner filed the motion herein *pro se.* Nevertheless, he is entitled to be represented by counsel at this hearing if he so chooses and the Court will certainly permit such appearance. Further, Rule 8(c) of the Rules Governing Section 2255 proceedings for the United States District Courts provides, in relevant part, that counsel must be appointed for a movant who qualifies for appointment of counsel under 18 U.S.C. §3006A(g)[5] whenever the Court determines that an evidentiary hearing is required to resolve one or more issues raised in the § 2255 application. *See* Rule 8(c) of the Rules Governing Section 2255 Proceedings for the United States District Courts; *see also Perez* v. *United States*, 2004 WL 2896492, *1 (S.D.N.Y. 2004); *Bautista* v. *United States*, 2003 WL 131699, *1 (S.D.N.Y. 2003). Mr. Tschetter never filed an *in forma pauperis* application in this action or an application for CJA appointment in the underlying criminal proceeding and the Court, therefore, has no information from which to find that he qualifies for appointment of counsel. Should petitioner wish to seek appointment of counsel to represent him at this hearing, he is to promptly file the appropriate paperwork with the Court.[6]

---

[5]Pursuant to the Criminal Justice Act, the appointment of an attorney from the Federal Public Defender's Office for persons in criminal cases financially unable to obtain adequate representation.

[6]A CJA 23 is a form affidavit utilized by parties who seek court appointed counsel in a criminal case and is also to be used here. The form requires the applicant to provide detailed financial data concerning employment, income, assets, expenses and other financial obligations and is utilized by the Court to determine eligibility under 18 U.S.C. §3006A.

Based on the above, the Court need not address petitioner's remaining claim at this time.

## **CONCLUSION**

For the reasons stated above, it is hereby

**ORDERED** that the parties are directed to appear before the Court on June 29, 2007 at 1:00 p.m. for a hearing in this matter, and it is further

**ORDERED** that the parties are to file offers of proof, as described above, by or before May 21, 2007 and the Court will thereafter advise whether testimony will be taken on the hearing date, and it is also

**ORDERED** that the Clerk of the Court is directed to attach a CJA 23 form to the copy of this Order that is served upon petitioner.

DATED:   Buffalo, N.Y.

April 27, 2007

                                                              */s/ John T. Elfvin*
                                                              JOHN T. ELFVIN
                                                              S.U.S.D.J.