UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

═══════════════════════════════════

JEFFERY S. TSCHETTER, 13405-055,

        Petitioner,                              DECISION AND ORDER

-vs-

                                            04-CR-35S

UNITED STATES OF AMERICA,                 05-CV-764S

        Respondent.

═══════════════════════════════════

1.      Presently before this Court is Petitioner Jeffery S. Tschetter's Motion to Vacate, Set Aside, or Correct his sentence pursuant to 28 U.S.C. § 2255. (Docket No. 19.[1]) In a previous Memorandum and Order (Docket No. 27), familiarity with which is presumed, the Honorable John T. Elfvin[2] noted that if Petitioner instructed his attorney to appeal his sentence and counsel failed to do so, Petitioner would be entitled to file a direct appeal under Campusano v. United States, 442 F.3d 770, 771-772 (2d Cir. 2006). But Judge Elfvin found that this determination — whether Petitioner instructed his attorney to appeal his sentence — could not be made without further information. Consequently, he directed the parties to file offers of proof on this limited issue, and indicated that he would conduct a hearing if he deemed it necessary.

───────────────────

[1]Docket references are to the criminal case — 04-CR-35S.

[2]This case was reassigned to this Court after Senior District Judge Elfvin elected to take inactive status.

2.      On June 29, 2007, the government filed its offer of proof (Docket No. 30) containing an Affirmation from Petitioner's counsel at the time, Mr. Anthony J. Lana.  Therein, Mr. Lana affirms that he cannot recall whether Petitioner asked him to file a Notice of Appeal on his behalf.  The government further advises that it asked Mr. Lana to review his file again and, in a follow up conversation, Mr. Lana stated that he still had no recollection of a request to file a Notice of Appeal, but that his normal practice would be to file one if requested to do so by his client.  On that basis, Mr. Lana concludes that Petitioner did not ask him to file an appeal since no Notice of Appeal was ever filed.  Given this inconclusive information, the government does not object to this Court holding a hearing on this issue.

3.      But in this Court's view, no hearing is necessary.  It is undisputed that no Notice of Appeal was ever filed on Petitioner's behalf.  Mr. Lana affirms that he does not recall whether Petitioner instructed him to file a Notice of Appeal, and a further review of his file failed to yield any additional information on this issue.  There is no reason to believe that a hearing on the issue would generate more information or a different outcome.  Cf. Chang v. United States, 250 F.3d 79, 85-86 (2d Cir. 2001) (whether to conduct a hearing falls within the court's discretion).

4. Petitioner maintains that he instructed Mr. Lana to appeal his sentence; Mr. Lana does not recall such an instruction and never filed a Notice of Appeal. In light of this factual discrepancy, and after consideration of the affidavits and offers of proof, this Court will afford Petitioner the benefit of the doubt and now finds that he instructed his attorney to file a Notice of Appeal. Since his attorney did not do so, Petitioner's timely Motion to Vacate, Set Aside, or Correct his sentence will be granted, and Petitioner will be entitled to file a Notice of Appeal of the refiled Judgment of Conviction. See Campusano, 442 F.3d at 771 - 772.

5. As a result of this ruling, Petitioner will be permitted to appeal his sentence. Petitioner is advised that he is required to comply with the Federal Rules of Appellate Procedure relative to the filing of his appeal. Upon the refiling of the Judgment of Conviction, Petitioner will have ten (10) days to file a Notice of Appeal. See FED. R. APP. P. 3 and 4(b).

IT HEREBY IS ORDERED, that Petitioner's Motion to Vacate, Set Aside, or Correct his sentence (Docket No. 19) is GRANTED.

FURTHER, that the Clerk of the Court shall vacate the previous Judgment of Conviction (Docket No. 15) and refile it no sooner than 10 days from the date of this Decision and Order so as to reset the time limits for appeal.

FURTHER, that Petitioner's remaining motions (Docket Nos. 16, 17, 18 and 25) are DENIED as moot.

-3-

FURTHER, that the Clerk of the Court shall close 05-CV-764S.

SO ORDERED.


DATED:      Buffalo, N.Y.
            January 9, 2008                    _____/s/William M. Skretny_____
                                               WILLIAM M. SKRETNY
                                               United States District Judge